UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

**DANT CLAYTON CORPORATION**,

    Plaintiff,

v.

**ODELIZA J. SLOCUM**,

    Defendant.

Case No. 4:24-cv-00095

## VERIFIED COMPLAINT

Plaintiff Dant Clayton Corporation ("**Plaintiff**" or "**Dant Clayton**"), by and through its undersigned counsel, hereby brings this Verified Complaint for injunctive relief and money damages against Defendant Odeliza J. Slocum (formerly Odeliza J. Jacoba) ("**Defendant**" or "**Slocum**"), and states as follows:

## INTRODUCTION

1. This action is brought by Dant Clayton against its former employee, Odeliza J. Slocum, for her misappropriation of Dant Clayton's valuable trade secrets and other confidential information and her breach of non-disclosure and return-of-property covenants contained in her Confidentiality/Proprietary Information/Intellectual Property Agreement, as well as violations of various other state and federal laws.

2. During the course of Slocum's employment with Dant Clayton, Slocum was responsible for building a new, highly sophisticated customer-facing website (the "**New Website**") that was intended to maximize Dant Clayton's sales and revenue.

1

3. Slocum was initially hired as a Preconstruction Coordinator. However, as of November 2023, Slocum's primary duty was to build and design the New Website at the direction of Dant Clayton. Dant Clayton invested significant resources into the New Website's creation in order to incorporate it into its business and advertise the site widely to its customers and prospects.

4. To build the website, Slocum used her personal email to set up the New Website's account and her personal credit card for payments. While Dant Clayton reimbursed Slocum for the New Website's costs, Slocum created the username and password and she was the sole individual with access to or knowledge of the New Website's login credentials.

5. In April 2024, Slocum abruptly resigned employment at Dant Clayton after failing to report to work for approximately two weeks.

6. Since her resignation, Dant Clayton has been unable to access or maintain the New Website, and Slocum has refused to provide Dant Clayton with the necessary login credentials despite repeated requests for that information. While she initially claimed she no longer had the login credentials, Dant Clayton learned that Slocum improperly accessed the New Website after her separation to remove work product, which has caused further damage Dant Clayton's investment. The New Website has since become completely inaccessible to Dant Clayton and its customers, displaying a "404 error" message.

7. Further, although she returned her company-issued work computer after her separation, before doing so Slocum wiped the computer of all applications and data without authorization, which has prevented Dant Clayton from recovering work product and from accessing the New Website or any of its property and information that existed on the computer.

8. Making matters worse, Slocum has refused to return an external hard drive (the "**External Hard Drive**") in her possession that contains the entire contents of her former work

computer, including a large quantity of files containing confidential information and trade secrets related to Dant Clayton's business and customers.

9. Dant Clayton has sent multiple demands to Slocum to return Dant Clayton's property and confidential information in her possession. To date, Slocum has refused to return Dant Clayton's property by surrendering the New Website's login information or returning the External Hard Drive, leaving Dant Clayton no choice but to file this lawsuit to protect itself from the damage that is being caused by Slocum's actions.

10. Slocum's unlawful conduct has already caused and has the potential to cause tremendous damage to Dant Clayton, damage that would be difficult or impossible to quantify. Dant Clayton seeks injunctive relief as well as appropriate monetary damages against Slocum.

## PARTIES, JURISDICTION, AND VENUE

11. Dant Clayton Corporation is a corporation organized under the laws of Kentucky. Its corporate headquarters are located in Louisville, Kentucky.

12. Dant Clayton's products and services affect interstate and foreign commerce because its employees serve non-resident customers across the United States and internationally.

13. Odeliza J. Slocum is an individual who is a resident of Indiana currently believed to be residing at 6230 Kamer Court, Charlestown, Indiana 47111.

14. Personal jurisdiction is proper in this Court because Slocum is a citizen of Indiana.

15. Subject matter jurisdiction is proper in this Court because the parties are of diverse citizenship and the amount in controversy exceeds $75,000 pursuant to 28 U.S.C. § 1332. The value of the resources Dant Clayton has invested into its new website, the revenue Dant Clayton will derive from its operation, and the issuance of an injunction protecting its trade secrets from being misappropriated, is in excess of $75,000.

16. Subject matter jurisdiction is also proper in this Court pursuant to 28 U.S.C. § 1331 because Dant Clayton is bringing a claim for trade secret misappropriation under the Defend Trade Secrets Act, 18 U.S.C. § 1831 *et seq.*, as well as a claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.* Additionally, the Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to Plaintiff's federal question claims that they form part of the same case or controversy.

17. Venue is proper in this Court because Defendant resides in this judicial district.

## FACTUAL ALLEGATIONS

I. **Background and Business of Dant Clayton.**

18. Established in 1979, Dant Clayton is a nationwide leader in stadium and arena manufacturing. Through its commitment to quality service and products, Dant Clayton has become a consistent innovator in its field, reshaping the ways in which audiences experience live events through blending comforting, accessibility, and immersive engagement. Dant Clayton's products run the gamut of arena and stadium seating, from bleachers on recreational athletic fields to 50,000 seat stadiums.

19. Dant Clayton's commitment to being on the forefront of arena and stadium innovation has brought it financial success. Dant Clayton pairs its quality products with outstanding customer service, which has allowed it to accrue significant customer goodwill and relationships. These customers rely on Dant Clayton to provide its superior goods efficiently and with a smooth ordering process.

II. **Dant Clayton's Confidential and Trade Secret Information**

20. Equally critical to Dant Clayton's success, however, is its investment into the safeguarding of the confidential and trade secret information that is central to Dant Clayton's

business platform. Through implementing physical and electronic security measures, Dant Clayton protects its prized assets – the trade secret and confidential information acquired and developed through continued investment.

21. Dant Clayton takes and, at all times relevant hereto, has taken reasonable measures to maintain the confidential and secret nature of its trade secrets and other confidential information. In exchange for the benefits that employment with Dant Clayton confers, Dant Clayton requires that its employees who have access to Dant Clayton's confidential information, such as Odeliza Slocum, sign Confidentiality/Proprietary Information/Intellectual Property Agreements (the "**Confidentiality Agreement**")[1] requiring them to maintain in confidence all confidential and proprietary information of Dant Clayton. Slocum's Confidentiality Agreement, found within her Employment Agreement, is attached hereto as Ex. A Dant Clayton's confidential information, which is defined in the Confidentiality Agreement, is referred to throughout the remainder of this Complaint as Dant Clayton's "**Confidential and Proprietary Information**."

22. In addition to having its employees sign the Confidentiality Agreement, Dant Clayton takes industry-standard, redundant steps to ensure that its employees protect the information on Dant Clayton's computer systems (including Dant Clayton's Confidential and Proprietary Information and trade secrets, as that term is defined by statute) and do not use or disclose that information for any purpose other than for a legitimate Dant Clayton business purpose while still maintaining and protecting its confidential nature. Those steps include (but are not limited to): (a) limiting access to Confidential and Proprietary Information and trade secrets, such as the New Website and many of the contents of the External Hard Drive, on a need-to-know basis;

---

[1] Slocum was married and changed her surname after she entered into the Confidentiality Agreement, which she signed under her maiden name Odeliza "Josephine" Jacoba.

(b) limiting access to Dant Clayton's secure system to employees and certain other authorized individuals; and (c) implementing lawful Confidentiality Agreements and other policies to protect Dant Clayton's Confidential and Proprietary Information and trade secrets.

23. Dant Clayton protects its confidential information in many other ways, including through various IT security measures, such as firewalls, secure logins and passwords; physical security measures, such as restricting access to various areas of Dant Clayton's facilities; policies relating to each of the foregoing; policies relating to exit procedures, such as ensuring that departing employees return all Dant Clayton property; and information restrictions based on a need-to-know basis.

### III. Slocum's Employment with Dant Clayton

24. Slocum joined Dant Clayton in June 2023. During her employment, Slocum worked as a Preconstruction Coordinator. In that role, Slocum's primary duties related to working with customers and providing customers with quotes for Dant Clayton's products. As a result of this client-facing role, Slocum was entrusted to many of Dant Clayton's trade secrets, such as customer lists, client contact information, inventory, pricing, marketing strategies, and business plans.

25. In November 2023, Slocum was tasked with creating the New Website (https://dantclaytonvps.com/), which she ultimately did through GoDaddy.com. The New Website was intended to offer customers a new, efficient way to submit inquiries, receive quotes or proposals, and view Dant Clayton's products. In reflection of the fact that Dant Clayton expected this website to significantly drive business, Slocum—who was compensated at over $100,000 per year—spent the vast majority of her time on the New Website project. This work was assigned to

Slocum in her role as a Dant Clayton employee, and the creation of the website was for the sole benefit of the company.

26. During her time creating the New Website, Slocum had access to and used Dant Clayton's Confidential and Proprietary Information and trade secrets. The website was highly sophisticated, with Slocum using her technological skills and knowledge of Dant Clayton's business and customer relationships to incorporate cutting-edge graphic design and artificial intelligence (AI) features into its interface. In order to minimize unnecessary disclosure of the New Website's design features and incorporated client information, the New Website's credentials were not shared with other Dant Clayton personnel to preserve their confidentiality.

27. Slocum used her personal email to set up a GoDaddy.com account to create the New Website. Likewise, Slocum set up automatic payments for the New Website's fees using her personal credit card, for which she was reimbursed by Dant Clayton. (Ex. B.) However, there was no question the New Website was, and remains, the property of Dant Clayton. Slocum was instructed to build the New Website at the company's direction. Slocum did so on Dant Clayton's time using company resources and she was directly compensated by Dant Clayton for this work. Further, the New Website was built solely for Dant Clayton business purposes and was intended to solely benefit Dant Clayton. At no time did Slocum have any ownership right to the New Website.

28. In or around late-February or early-March 2024, Slocum reported that her company-issued laptop was no longer functional. Upon the laptop's return, Dant Clayton discovered that the device that been broken and cracked beyond repair, though Slocum claimed she did not know what happened to it. Dant Clayton then worked with a third-party company who was able to extract a solid-state drive from the laptop. This drive contained the entirety of the files

on the laptop, including Confidential and Proprietary Information and trade secrets Slocum used in the course of her role with Dant Clayton.

29. After providing Slocum a new company-issued laptop, Dant Clayton copied the contents of her former laptop onto the External Hard Drive and provided it to Slocum so that she could restore these files on the new computer.

**IV.   Slocum Resigns from Dant Clayton and Improperly Retains Property and Trade Secret Information.**

30. Beginning in late March 2024, Slocum failed to appear to work without any communication to her superiors, and she failed to respond to messages regarding her whereabouts. After failing to appear for a week or two, Dant Clayton discovered that Slocum's office had been cleared. Dant Clayton later learned that Slocum had instructed another employee to remove her possessions from the office and provide them to her husband.

31. After this, on April 15, 2024, Dant Clayton personnel reached out to Slocum to inform her that they assumed she had resigned her position and that she had been offboarded from the company accordingly. (Ex. C.) Slocum confirmed that this was the case. (*See Id.*)

32. Following her resignation, Dant Clayton terminated Slocum's access to its IT accounts and required that she return all of its property in her possession.

33. However, Slocum failed to provide the New Website's login information or return the External Hard Drive.

34. Because Slocum set up the account for the New Website with her personal email and personal credit card and created her own login credentials, Dant Clayton has been unable to access the New Website since Slocum's resignation.

35. The New Website remained active for a time after Slocum's resignation. Dant Clayton later observed that the website contents had been removed and replaced with a "coming soon" banner. Shortly thereafter, the New Website became completely inaccessible. At present, a 404 File Not Found message appears when the https://dantclaytonvps.com/ URL is accessed. (Ex. D.)

36. Although she returned her company-issued work computer after her separation, before doing so Slocum wiped the computer of all applications and data without authorization, which has prevented Dant Clayton from recovering work product and from accessing the New Website or any of its property and information that existed on the computer.

37. Slocum's improper retention of the New Website and External Hard Drive was in clear violation of Slocum's Confidentiality Agreement, which states that Slocum was required to return all Confidential and Proprietary Information she had access to during or subsequent to her employment. (*See* Ex. A p. 3.) The Confidentiality Agreement also makes clear that Slocum had an affirmative duty to comply with these obligations that continued after the end of Slocum's employment with Dant Clayton. (*See id.*)

38. Slocum's refusal to return Dant Clayton's rightful property threatens to inflict irreparable harm upon Dant Clayton. Dant Clayton has spent significant resources in the New Website's development and creation, and Slocum's involvement in designing the intricacies of the New Website could not be replicated. Additionally, customers are not able to access the New Website after Dant Clayton's extensive marketing of its capabilities, which threatens to damage Dant Clayton's business and customer relationships, reputation, and customer goodwill. These facts have already caused Dant Clayton and threaten to cause an incalculable amount of further losses.

39. Dant Clayton would face further injury if Slocum chose to share the contents of the External Hard Drive with a competitor. This information would be highly valuable to a competitor because it would allow them to learn Dant Clayton's customers, points of contacts, pricing strategies, product offerings, and current inventory. Using this information, a competitor could attempt to steal Dant Clayton's clients with exact knowledge regarding the products Dant Clayton offers, the quantities of those products Dant Clayton chooses to stock, and the prices at which Dant Clayton sells its goods.

40. Slocum has refused to return control of the New Website's to Deant Clayton despite multiple requests to do so. After its initial requests were unsuccessful, Dant Clayton's outside counsel sent a letter to Slocum on June 3, 2024. (Ex. E). In that letter, Dant Clayton demanded that Slocum return all property and information that Slocum had improperly retained, including surrendering the login credentials to the New Website. Dant Clayton made clear that it would be forced to pursue its claims via litigation if Slocum refused to comply.

41. To date, Slocum has refused Dant Clayton's demands to return the New Website's credentials or the External Hard Drive.

42. Slocum is now in possession of Dant Clayton's confidential information and trade secrets as a result of her unauthorized access of a computer system. Slocum's misappropriation has resulted in a total loss of the significant resources expended in the New Website's conception, design, and construction, and threatens to cause further harm to Dant Clayton's customer goodwill and ability to compete in the market.

### FIRST CLAIM FOR RELIEF
#### DEFEND TRADE SECRETS ACT (18 U.S.C. § 1831 *ET SEQ.*)

43. Dant Clayton incorporates the preceding paragraphs as if fully stated herein.

44. The contents of the New Website and External Hard Drive constitute trade secrets of Dant Clayton subject to protection under the Defend Trade Secrets Act, 18 U.S.C. § 1831 *et seq.*

45. The New Website and External Hard Drive's contents are valuable because they are not generally known or readily accessible, through proper means, to others who can profit from their use. Dant Clayton has spent significant sums, in terms of both financial and human resources, to develop and maintain its trade secrets, which would be of great value to any competitor.

46. The contents of the New Website and External Hard Drive are related to products or services used in, or intended for use in, interstate commerce.

47. Dant Clayton takes and, at all times relevant hereto, has taken reasonable measures to maintain the confidential and secret nature of this information. Those steps include: (a) limiting access to Confidential and Proprietary Information and trade secrets on a need-to-know basis; (b) limiting access to Dant Clayton's secure system to employees and certain other authorized individuals; and (c) implementing lawful Confidentiality Agreements and other policies to protect Dant Clayton's Confidential and Proprietary Information and trade secrets.

48. Slocum took and refuses to return the New Website's credentials and the External Hard Drive by improper means in violation of her obligations to Dant Clayton.

49. Slocum engaged in this conduct despite acquiring this information under circumstances giving rise to a duty to maintain the information's secrecy and limit its use, which duty Slocum owed and continues to owe Dant Clayton as an agent, employee, and representative of Dant Clayton.

50. Slocum's foregoing conduct constitutes an actual and threatened misappropriation and misuse of Dant Clayton's trade secret information in violation of the DTSA.

51.  As a direct and proximate result of Slocum's actual and threatened misappropriation of Dant Clayton's trade secrets, Dant Clayton has suffered irreparable harm and will continue to suffer irreparable harm that cannot be adequately remedied at law unless Slocum is enjoined from engaging in any further acts of misappropriation and from continued possession in any form of trade secret information belonging to Dant Clayton.

52.  As a direct and proximate result of Slocum's misappropriation, Dant Clayton has suffered and/or will suffer damages and irreparable harm, and is entitled to all damages, attorneys' fees, costs and remedies permitted under the DTSA.

53.  This act of misappropriation, as alleged in the First Claim for Relief, was done maliciously by Slocum, thereby entitling Dant Clayton to exemplary damages to be proved at trial and recovery of its attorneys' fees.

## SECOND CLAIM FOR RELIEF
### MISAPPROPRIATION OF TRADE SECRETS (IND. CODE § 24-2-3-2 ET SEQ.)

54.  Dant Clayton incorporates the preceding paragraphs as if fully stated herein.

55.  The New Website and contents of the External Hard Drive Slocum has misappropriated are a trade secret pursuant to Ind. Code § 24-2-3-2 because they constitute information that derive independent actual or potential commercial value from not being generally known or readily ascertainable through independent development or reverse engineering by persons who can obtain economic value from their disclosure or use.

56.  Dant Clayton took reasonable precautions under the circumstances to protect the New Website and the External Hard Drive's contents, and the party with access to its trade secrets (Slocum) was subject to obligations to maintain their secrecy.

57. Slocum willfully and maliciously misappropriated Dant Clayton trade secrets by taking and refusing to return Dant Clayton's trade secrets without authorization (express or implied) at a time that she knew or had reason to know that she had a duty to Dant Clayton to maintain the secrecy and confidentiality of the trade secrets that she used during her employment with Dant Clayton.

58. As a direct and proximate result of Slocum's actual and threatened misappropriation of Dant Clayton trade secrets, Dant Clayton has suffered irreparable harm and will continue to suffer irreparable harm that cannot be adequately remedied at law unless she is enjoined from engaging in any further acts of misappropriation and from continued possession in any form of trade secret information belonging to Dant Clayton.

59. As a direct and proximate result of Slocum's misappropriation, Dant Clayton has suffered and/or will suffer damages and irreparable harm, and is entitled to all damages, attorneys' fees, costs and remedies permitted under the Indiana Uniform Trade Secrets Act.

### THIRD CLAIM FOR RELIEF
#### COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. § 1030 *ET SEQ.*)

60. Dant Clayton incorporates the preceding paragraphs as if fully stated herein.

61. The Dant Clayton computer system to which Slocum had access constitutes a "protected computer" within the meaning of 18 U.S.C. §1030(e) because the computer system is used in interstate or foreign commerce or communication.

62. After the termination of Slocum's employment, Slocum had no authorization to access Dant Clayton's computer system or online property.

63. Slocum's accessing of the New Website and deleting the contents of its homepage after the end of her employment has caused Dant Clayton substantial damages and loss. The time

and resources invested into the website's homepage greatly exceeded $5,000 in value. Likewise, Dant Clayton has lost significant revenue through Slocum's access to the New Website after the end of her employment because it is not able to use the New Website to generate business as expected.

64. By intentionally accessing a protected computer without authorization, and as a result of such conduct causing damages and loss, Slocum has violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq*.

65. Because Slocum is no longer a Dant Clayton employee, she has no authorization to access or prevent Dant Clayton from accessing its computer systems and online property. Slocum has knowingly and with intent to defraud withheld access to the New Website to Dant Clayton. The ability to access and utilize to New Website is of great value to Dant Clayton.

66. Dant Clayton has been injured in excess of $5,000 as a result of Slocum's actions due to the lost investment it has made in the New Website and the business it has been unable to generate through the New Website's operation.

## FOURTH CLAIM FOR RELIEF
### CIVIL CONVERSION

67. Dant Clayton incorporates the preceding paragraphs as if fully stated herein.

68. Dant Clayton is and at all times relevant to this case was the owner of the property, confidential information and trade secrets described herein, including related to the New Website and the External Hard Drive.

69. Beginning on Slocum's resignation from her employment with Dant Clayton in early April 2024 and continuing to the present, Slocum has unlawfully and without Dant Clayton's authorization exercised dominion and control over Dant Clayton's property and confidential

information and trade secrets, which is inconsistent with Dant Clayton's prior exclusive ownership and control of the property and information.

70. By preventing Dant Clayton from gaining access to the New Website and refusing to return the External Hard Drive, Slocum has knowingly and intentionally exerted unauthorized control over the property of another.

71. Dant Clayton has made a demand for the return of the stolen property and Slocum refused to return the property to Dant Clayton.

72. Under Ind. Code Ann. § 34-24-3-1, Dant Clayton is entitled to treble damages on its actual damages and its costs and reasonable attorneys' fees.

73. Moreover, Slocum's conversion of Dant Clayton's property is causing irreparable injury to Dant Clayton for which there is no adequate remedy at law.

74. The injunctive relief prayed for herein is reasonably suited to abate such conduct and will do no more than restore the parties to their status as it existed prior to Slocum's unlawful conduct.

75. Any harm done by issuing injunctive relief prayed for herein does not outweigh the substantial loss to be caused by the unlawful actions by Slocum.

76. Accordingly, Dant Clayton is entitled to injunctive relief due to Slocum's current and ongoing unlawful conduct.

### FIFTH CLAIM FOR RELIEF
#### BREACH OF CONTRACT

77. Dant Clayton incorporates the preceding paragraphs as if fully stated herein.

78. Slocum entered into a valid covenant in the Confidentiality Agreement with Dant Clayton for good and valuable consideration, whereby she agreed to not use, publish, or disclose

either during or subsequent to her employment any confidential or proprietary information to which Slocum had access during her employment, and to return all originals or copies of any confidential or proprietary information upon leaving the employ of Dant Clayton. (Ex. A p. 3.)

79.     The Confidentiality Agreement's provision is reasonable under the circumstances to protect Dant Clayton's legitimate economic interests in the goodwill, confidential information, and customer relationships Dant Clayton has acquired and is narrowly tailored to protect those interests.

80.     By taking the New Website's credentials and retaining them after the end of her employment, thereby withhold access to the confidential information located within the New Website, Slocum has violated the Confidentiality Agreement. Slocum further violated the Confidentiality Agreement by accessing the New Website after the end of her employment to delete the contents of the New Website's homepage.

### SIXTH CLAIM FOR RELIEF
**TEMPORARY, PRELIMINARY, AND PERMANENT INJUNCTION**

81.     Dant Clayton incorporates the preceding paragraphs as if fully stated herein.

82.     Slocum was an employee of Dant Clayton and, in her capacity as an employee, had access to Dant Clayton's trade secrets and Proprietary and Confidential Information.

83.     In breach of the duties she owed and continues to owe Dant Clayton in connection with her employment, Slocum has stolen Dant Clayton's trade secrets and Proprietary and Confidential Information.

84.     In the absence of injunctive relief, Dant Clayton will suffer irreparable harm, including, but not limited to, loss of customers and customer goodwill.

85.     Dant Clayton has no adequate remedy at law.

86. The potential harm to Dant Clayton if Slocum is not enjoined is far greater than any harm that Slocum will suffer if injunctive relief is granted.

87. Dant Clayton is likely to prevail on the merits of its cause of action against Slocum.

88. The public interest weighs in favor of granting injunctive relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Dant Clayton Corporation requests that this Court provide it with injunctive relief and money damages against Defendant Odeliza J. Slocum in the following forms:

a. A temporary restraining order requiring Slocum and all others acting in concert with her to:

   (i) Immediately return all of Dant Clayton's property, including but not limited to the New Website credentials, External Hard Drive, and all other documents, materials, and data (and copies thereof), in tangible, electronic, or intangible form, containing Dant Clayton Confidential and Proprietary Information and trade secrets;

   (ii) Refrain from retaining, copying, duplicating, using, or disclosing to any third party the New Website credentials, the contents of the External Hard Drive, and Dant Clayton's Confidential and Proprietary Information and trade secrets, as that term is defined in relevant statutory language; and

   (iii) Make available for inspection and imaging (at Slocum's expense) any computers, tablets, smartphones, external storage devices, or personal data devices on which Slocum accessed and/or retained Dant Clayton Confidential and Proprietary Information and trade secrets as well as any and all Cloud-based file management accounts (including but not limited to Gmail, iCloud, and Dropbox), email accounts, or other devices or accounts on which Dant Clayton Confidential and Proprietary Information and trade secrets could reside.

b. A preliminary injunction, enjoining and restraining Slocum and all others acting in concert with her as set forth in Paragraph (a)(i) above pending the final determination of this action;

c.  A permanent injunction enjoining and restraining Slocum and all others acting in concert with her as set forth in Paragraph (a)(i) above;

d.  An award of actual and compensatory damages in an amount to be proven at trial, caused by Slocum's wrongful acts;

e.  An award of exemplary and treble damages to be proven at trial;

f.  Pre-judgment and post-judgment interest;

g.  An award of reasonable attorneys' fees and costs incurred in this action; and

h.  Such other relief as is just and proper.

DATED: July 12, 2024

Respectfully Submitted,

/s/*Erin Shaughnessy*
Erin M. Shaughnessy
Indiana Bar No. 36076-22
*eshaughnessy@fisherphillips.com*
**FISHER PHILLIPS LLP**
220 West Main Street
Suite 1700
Louisville, KY 40202
Telephone: (502) 561-3972
Facsimile: (502) 561-3991

John W. Stapleton
Georgia Bar No. 368790
(motion for admission *pro hac vice* forthcoming)
Matthew T. Sharon
Georgia Bar No. 723611
(motion for admission *pro hac vice* forthcoming)
**FISHER PHILLIPS LLP**
1230 Peachtree Street, NE, Suite 3300
Atlanta, Georgia 30309
Tel: (404) 231-1400
Fax: (404) 2410-4249
jstapleton@fisherphillips.com
msharon@fisherphillips.com

*Counsel for Plaintiff Dant Clayton Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **DANT CLAYTON CORPORATION,**<br><br>Plaintiff,<br><br>v.<br><br>**ODELIZA J. SLOCUM,**<br><br>Defendant. | Case No.  4:24-cv-00095 |

## VERIFICATION

I, James A. Lewis, the Director of Sales and Preconstruction Services at Dant Clayton Corporation, declare under penalty of perjury that the facts set forth in the foregoing Verified Complaint are true and correct to the best of my knowledge.

_____          _____
Name                                                                    Date