UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| DANT CLAYTON CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-00095-TWP-KMB |
| | ) | |
| ODELIZA J. SLOCUM, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE**

Presently pending before the Court is the Plaintiff's Motion to Serve the Defendant by email or by publication. For the reasons explained below, the motion is **GRANTED IN PART** and **DENIED IN PART**. Specifically, it is granted to the extent that Plaintiff may serve the Defendant at the Defendant's @outlook.com email address listed in the Plaintiff's motion and accompanying exhibits.

## I. BACKGROUND

Plaintiff Dant Clayton Corporation ("Dant Clayton") is suing its former employee, Defendant Odeliza J. Slocum, for theft of trade secret under 18 U.S.C. §§ 1831-39 and computer fraud and abuse under 18 U.S.C. § 1030. [Dkt. 1.] Dant Clayton also brings Indiana claims for misappropriation of trade secrets under Ind. Code §§ 24-2-3-2 to 8, civil conversion, and breach of contract. [*Id.*] Dant Clayton alleges that since leaving her employment with the company, Ms. Slocum has refused to provide the company with login credentials for its website and an external hard drive containing the company's trade secrets. [*Id.* at ¶¶ 32-42.] This matter is set for a Preliminary Injunction Hearing on August 21, 2024. [Dkt. 20.] As of the issuance of this Order, Ms. Slocum has not been served and has not appeared in this action.

1

Prior to filing this lawsuit, Dant Clayton communicated with Ms. Slocum at her personal @outlook.com email address on June 3, 2024, and again on June 10, 2024. [Dkt. 23-4.] Ms. Slocum promptly responded to both emails from that same account. [*Id.*] Since Dant Clayton filed this lawsuit, however, Ms. Slocum has not responded to Dant Clayton's emails to that account, including an email sent on July 16, 2024, that provided her with courtesy copies of Dant Clayton's filings and asked whether she would be willing to accept service. [Dkt. 23 at 1-2.]

When Ms. Slocum did not return the July 16 email, Dant Clayton retained process server Intercoastal Process Service and attempted to serve Ms. Slocum at her last known residential address in Charlestown, Indiana. [Dkt. 23-2 at ¶ 3.] When that attempt was unsuccessful, Dant Clayton attempted to serve Ms. Slocum at the address listed on her driver's license in Louisville, Kentucky. [*Id.* at ¶ 6.] When that attempt was unsuccessful, Dant Clayton attempted to serve her at a residential address in Hardinsburg, Kentucky, which was obtained through a public records request. [Dkt. 23-3 at ¶ 3.]

## II.  LEGAL STANDARD

"Acceptable methods for service of process are specified in Rule 4 of the Federal Rules of Civil Procedure." *United States v. Ligas*, 549 F.4d 497, 500 (7th Cir. 2008). Rule 4(e) lists the exclusive methods for serving an individual absent a waiver under Rule 4(d) or a federal statute that provides otherwise. *Id.* at 500-01. Neither the Theft of Trade Secrets Act nor the Computer Fraud and Abuse Act, under which Dant Clayton brings its federal claims, provides for a specific means of serving process of a complaint. *See* 18 U.S.C. § 1030; 18 U.S.C. § 1836.

The Federal Rules of Civil Procedure and the Indiana Rules of Trial Procedure do not provide for service by email. *Delta Faucet Co. v. Watkins*, 2023 WL 2664182 (S.D. Ind. March 27, 2023). Rule 4(e) of the Federal Rules of Civil Procedure does, however, permit serving

individuals by following the state law governing methods of service in the state where the district court is located.  Fed. R. Civ. P. 4(e)(1).  In turn, Rule 4.14 of the Indiana Rules of Trial Procedure provides that the Court "may make an appropriate order for service in a manner not provided by these rules or statutes when such service is reasonably calculated to give the defendant actual knowledge of the proceedings and an opportunity to be heard."  Ind. Trial R. 4.14.  The Northern District of Indiana has interpreted Rule 4.14 to allow for service by email in certain circumstances. *Lisnek v. L. Off. Of Marco A. Molina*, 2020 WL 6938389 (N.D. Ind. Nov. 25, 2020).

The Indiana Rules of Trial Procedure permit service by publication if the person to be served cannot be served personally and cannot be found, has concealed her whereabouts, or has left the state.  *See* Ind. T. R. 4.5 ("When the person to be served is a resident of this state who cannot be served personally or by agent in this state and either cannot be found, has concealed his whereabouts or has left the state, summons may be served in the manner provided by Rule 4.9 (summons in in rem actions)."); Ind. T. R. 4.9(B)(3) (permitting service by publication in accordance with Ind. T. R. 4.13); Ind. T. R. 4.13 (setting forth means of requesting and satisfying service by publication).  "The person or entity seeking service by publication shall submit to the court a request for such service in a praecipe."  *See Matter of A.B.*, 226 N.E.3d 791, 796 (Ind. Ct. App. 2023) (citing Ind. Trial Rule 4.13(A)).  The praecipe shall be filed "along with supporting affidavits that diligent search has been made" and that the defendant cannot be found, has concealed her whereabouts, or has left the state.  Ind. T. R. 4.13(A) (emphasis added).  "[S]trict compliance with Rule 4.13 is required for service by publication."  *Matter of A.B.*, 226 N.E.3d at 797.

In addition to complying with the federal rules, service of process must also comport with due process principles.  *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)

3

("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."); *see also Washington v. Allison*, 593 N.E.2d 1273, 1275 (Ind. Ct. App. 1992) ("Due process requires service of notice in a manner reasonably calculated to inform the defendant of the pending lawsuit."); 4B Wright & Miller, Federal Practice and Procedure § 1112 (4th ed.) ("The ability to employ state law service methods does not, however, override constitutional due process concerns, such as minimum contacts, fair play, substantial justice, notice, and opportunity to be heard.").

### III. DISCUSSION

Dant Clayton's request to serve Ms. Slocum by email is **GRANTED**.  The Court is satisfied that Dant Clayton made reasonable efforts to serve Ms. Slocum at her three previous residential addresses without success, as evidenced by the sworn affidavits from Dant Clayton's retained process servers.  [Dkts. 23-2; 23-3.]  The Court is also satisfied that service by email is reasonably calculated to give Ms. Slocum actual notice of the proceedings since she has recently communicated with Dant Clayton through her personal email address.  [Dkt. 23-4.]  Specifically, Dant Clayton received responses from Ms. Slocum at that email address on June 3, 2024, and June 10, 2024.  [*Id.*]  Although Ms. Slocum has stopped responding to emails from Dant Clayton since this lawsuit was filed, there is no evidence that her email account is no longer active and no reason to believe that she did not receive them or that she did not receive actual notice of these proceedings.  The timing of Ms. Slocum no longer responding indicates that she is likely attempting to evade more traditional forms of service.  For these reasons, the Court finds that service by email satisfies the requirements of the Federal Rules of Civil Procedure, the Indiana Rules of Trial Procedure, and due process principles.

Dant Clayton's request to serve Ms. Slocum by publication is **DENIED** because service by publication is unnecessary in light of the Court granting Dant Clayton permission to serve Ms. Slocum by email.  Additionally, service by publication cannot be completed by the Preliminary Injunction Hearing on August 21, 2024.  *See* Ind. T.R. 4.13(C) ("The summons shall be published three [3] times by the clerk or person making it, the first publication promptly and each two [2] succeeding publications at least seven [7] and not more than fourteen [14] days after the prior publication").  Dant Clayton's alternative request to proceed with the Preliminary Injunction Hearing without serving Ms. Slocum is **DENIED**, given the Court's ruling allowing service by email.

## IV.  CONCLUSION

For the reasons explained above, Dant Clayton's motion to serve Ms. Slocum by email is **GRANTED**, its request to serve Ms. Slocum by publication is **DENIED**, and its alternative request to proceed with the upcoming Preliminary Injunction Hearing without serving Ms. Slocum is **DENIED**, given the Court's ruling allowing service by email.

Dant Clayton **SHALL SERVE MS. SLOCUM** no later than **August 19, 2024** by sending the following documents to her @outlook.com email address listed in Dant Clayton's motion and accompanying exhibits: the Summons, the Complaint, the Motion for Temporary Restraining Order and Preliminary Injunction and Dant Clayton's Brief in Support, the Order Denying Dant Clayton's Request for a Temporary Restraining Order, the Order setting a Preliminary Injunction Hearing for August 21, 2024, and this Order.  Dant Clayton **SHALL FILE** a Verified Notice of Service with the email to Ms. Slocum attached as an exhibit no later than **August 19, 2024**.

The **CLERK SHALL** endorse the proposed summons at [dkt. 23-5] and send it to Dant Clayton along with a copy of this Order.

**<u>MS. SLOCUM SHALL ATTEND THE PRELIMINARY INJUNCTION HEARING ON AUGUST 21, 2024, AT 10:00 A.M. IN COURTROOM 344, BIRCH BAYH FEDERAL BUILDING AND U.S. COURTHOUSE, 46 EAST OHIO STREET, INDIANAPOLIS, INDIANA, 46204 unless otherwise ordered by the Court</u>**.  It is recommended that she retain the services of an attorney as soon as possible.  Failure to obtain counsel will not excuse her presence at the Preliminary Injunction Hearing, given that Ms. Slocum may proceed by representing herself *pro se* should she choose to do so.

          **So ORDERED**.

     Date: 8/16/2024

                                        _Kellie M. Barr_____
                                        Kellie M. Barr
                                        United States Magistrate Judge
                                        Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email